**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

DENNIS ALAN GEORGE,

                 Plaintiff,

       v.

ALASKA VA HEALTHCARE
SYSTEM,

             Defendant.

Case No. 3:23-cv-00152-JMK

### ORDER OF DISMISSAL

On July 7, 2023, self-represented litigant Dennis Alan George ("Plaintiff") filed a civil complaint, a civil cover sheet, and paid the filing fee in each.[1]  Plaintiff names the Alaska VA Healthcare System ("VA") as the sole defendant[2] and demands the VA pay him $1,000,000 United States Dollars and permanently increase his monthly VA disability payment "currently 3,621.95 USD to THREE times the 100% disability rate which is 10,865.85 USD with annual adjustments to reflect the THREE times the 100% disability rate," and all prescription billing costs be "zeroed," and all amounts "claimed owed" to the VA be "voided."[3]  Then, Plaintiff filed a "Notice of Filing" on July 25, 2023, a "Motion to Demand Correct Information"

---

[1] Docket 1.

[2] Note the VA Alaska Healthcare System is part of the U.S. Department of Veterans Affairs.  *See* https://www.va.gov/alaska-health-care (last visited 10/18/23).

[3] Docket 1 at 9.

on August 14, 2023, and another "Notice of Filing" on September 6, 2023.[4]  With

his filings, Plaintiff included several attachments, including his Ohio Birth

Certificate,[5] correspondence from the VA,[6] affidavits of facts, and his notes.[7]

While the Court must liberally construe filings by self-represented litigants,

it need not allow plaintiffs to defy the fundamental basics of pleading.  To the extent

the Court can decipher the filings, it is immediately apparent that Plaintiff's case is

fundamentally flawed.  Although non-prisoner complaints are not subject to 28

U.S.C. § 1915(e) or § 1915A screening requirements when the filing fee is paid,

the Court retains the inherent authority to dismiss a claim for failure to comply with

Federal Rule of Civil Procedure 8 ("Rule 8")[8] or for lack of jurisdiction.[9]  To avoid

dismissal, a plaintiff must make a legal sufficient showing of jurisdictional facts.[10]

For the reasons explained below, Plaintiff's Complaint is dismissed and all pending

motions are denied as moot.

---

[4] Dockets 3–5.

[5] 152-JMK, Docket 1-10.

[6] 152-JMK, Docket 1-8.

[7] 152-JMK, Docket 1-10.

[8] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a).

[9] *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("federal courts are under an independent obligation to examine their own jurisdiction.").

[10] *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir.1987).

Case No. 3:23-cv-00152-JMK, *George v. Alaska VA Healthcare System*
Order of Dismissal
Page 2 of 5

## DISCUSSION

Plaintiff's disability benefits appear to have been reduced due to past due medical care debts.[11]  Plaintiff also takes issue with how his name appears in the Court's Notice of Electronic Filing[12] and appears to attempt to separate himself into two entities—a natural, living person and a corporation or "ens legis"[13] with the same name, but written in all capital letters.[14]

To the extent Plaintiff seeks to challenge a decision of the VA, he has the right to file an appeal with the Board of Veterans' Appeals ("Board").[15]  After receiving a final decision from the Board, an appellant has 120 days from the date of the final decision to file an appeal with the U.S. Court of Appeals for Veterans Claims.[16]  This Court does not have jurisdiction to review decisions made by the VA; and therefore the Court must dismiss those claims.

---

[11] Docket 1-6.

[12] *See* Docket 4.

[13] *See* ENS LEGIS, Black's Law Dictionary (11th ed. 2019) (defining "ens legis" as an entity, such as a corporation, that derives its existence entirely from the law as opposed to a natural person).

[14] *See, e.g.,* Docket 4 at 9 and Docket 1-13 at 1; *see also Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-00180 JMS-RLP, 2017 WL 2726692, at *6 (D. Haw. 2017) (noting that "[p]roponents of the sovereign citizen . . . theory believe that when a person's name is spelled . . . with initial capital letters and small letters, it represents the 'real person' . . . [and w]henever a person's name is written in total capitals, . . . only [a] 'strawman' [or separate entity] is referenced, and the flesh and blood person is not involved") (simplified).

[15] Veterans can learn more about the appeal process at https://www.va.gov/decision-reviews/board-appeal or start an appeal online at https://www.va.gov/decision-reviews/board-appeal/request-board-appeal-form-10182/introduction.

[16] Visit https://www.uscourts.cavc.gov/appeal.php for more information.

Case No. 3:23-cv-00152-JMK, *George v. Alaska VA Healthcare System*
Order of Dismissal
Page 3 of 5

Further, arguments based in sovereign citizen ideology have been uniformly rejected by courts across the country as "frivolous, irrational, or unintelligible."[17] The Ninth Circuit specifically has repudiated such arguments as "utterly meritless."[18] The Court, "like others across the country, concludes that 'sovereign citizens,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside," including in this case, the laws of the State of Alaska.[19] Additionally, "[t]he attempt to divide oneself into two separate entities . . . is a legal fiction and has been struck down consistently in courts and around the country."[20] Because Petitioner's claims are based on "patently frivolous,"[21] sovereign citizen theories, they must be dismissed.[22] The Court further determines

---

[17] *Mackey v. Bureau of Prisons,* 2016 WL 3254037, at *1 (E.D. Cal. 2016) (internal citations omitted). *See also United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument.").

[18] *United States v. Studley,* 783 F.2d 934, 937 n.3 (9th Cir. 1986) (noting the "argument has been consistently and thoroughly rejected . . . advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them.").

[19] *El v. Ally Bank,* No. 222CV00874APGDJA, 2022 WL 2904867, at *2 (D. Nev. 2022) (quotation marks and citations omitted). *See also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

[20] *Id.*

[21] *Studley,* 783 F.2d at 937 n.3.

[22] *Cf. Culpepper v. Biddle*, Case No. CV 18-8826-JFW (GJS), 2018 U.S. Dist. LEXIS 187497, at *8, *11 (C.D. Cal. 2018) ("Petitioner deems himself a 'secured party creditor' . . . [a]s a threshold matter, Petitioner's sovereign citizen-type assertions are so patently frivolous and specious that little discussion about them is required.").

Case No. 3:23-cv-00152-JMK, *George v. Alaska VA Healthcare System*
Order of Dismissal
Page 4 of 5

that the Petition is subject to dismissal with prejudice because this pleading deficiency cannot be cured.[23]

**IT IS THEREFORE ORDERED:**

1.     This action is **DISMISSED** for failure to state a viable claim for relief and allowing an opportunity to file an amended complaint would be futile;

2.     All pending motions are **DENIED AS MOOT;** and

3.     The Clerk of Court shall issue a final judgment.

DATED this 18th day of October 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[23] *See Morales v. Long,* No. ED CV 13-01673-VBF, 2013 WL 8291412, at *4 (C.D. Cal. 2013) (dismissing a claim not cognizable on federal habeas review, with prejudice "because, like untimeliness or lack of merit, noncognizability cannot be cured").

Case No. 3:23-cv-00152-JMK, *George v. Alaska VA Healthcare System*
Order of Dismissal
Page 5 of 5